|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>BILLBOARD MEDIA, LLC,<br><br>                      Petitioner,<br><br>     -against-<br><br>LAUREN WRAY,<br><br>                      Respondent. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _09/25/2024_<br><br>23 Civ. 7809 (AT) (SLC)<br><br>**ORDER ADOPTING**<br>**REPORT AND**<br>**RECOMMENDATION** |

ANALISA TORRES, District Judge:

       Petitioner, Billboard Media, LLC ("Billboard"), brings this petition to compel Respondent, Lauren Wray, to arbitrate certain employment-related claims (the "Petition"). Pet., ECF No. 1; Pet'r Mot., ECF No. 3; Pet'r Mem., ECF No. 4. The Court referred the Petition to the Honorable Sarah L. Cave for a report and recommendation. ECF No. 20. Before the Court is Judge Cave's Report and Recommendation (the "R&R"), dated April 25, 2024, which recommends that the Petition be granted and Wray be compelled to arbitrate her claims against Billboard consistent with the arbitration agreement she signed on November 15, 2021 (the "Agreement"). *See generally* R&R, ECF No. 21; Agreement, ECF No. 5-2. On May 30, 2024, Wray filed timely objections to the R&R. Objs., ECF No. 24; *see also* Resp., ECF No. 25.

       For the reasons stated below, the Court OVERRULES Wray's objections to the R&R, ADOPTS the R&R's conclusions, and GRANTS the Petition.

# DISCUSSION[1]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II. Wray's Objections

Wray argues, first, that the Agreement's delegation clause does not clearly and unmistakably delegate enforceability and unconscionability issues to arbitration. Objs. at 6–8. Wray raised the same argument before Judge Cave, which Judge Cave rejected. R&R at 14–15;

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R and does not summarize them here. R&R at 2–7.

*see* Opp. at 17–18, ECF No. 17; *see also* Objs. at 8 ("As noted above and in Respondent's opposition brief . . ."). Because Wray's objection "simply reiterates [her] original arguments," the Court reviews the objection "strictly for clear error." *Harris*, 338 F. Supp. 3d at 174.

The Agreement plainly delegates to the arbitrator "the sole and exclusive authority to resolve any dispute relating to the scope, interpretation, applicability, enforceability or formation of [the] Agreement, including but not limited to any assertion that all or any part of th[e] Agreement is void or voidable or is unconscionable." Agreement at 2. As Judge Cave correctly explained, courts have routinely found similar or identical delegation clauses to "provide clear and unmistakable evidence of the parties' intent to delegate." R&R at 14 (citations omitted).

Nevertheless, Wray argues—as she did in opposition to the Petition—that a separate clause of the Agreement providing that the "parties shall bear equally the arbitration administrative expenses and the arbitrator's compensation . . . unless otherwise required pursuant to JAMS rules" renders the delegation clause ambiguous because JAMS' Minimum Standards permit courts to adjudicate enforceability disputes when an agreement "conflicts" with the Standards. Objs. at 6–8 (quoting Agreement at 3). Wray's argument fails even assuming the Standards are "rules," *see* Resp. at 6 n.1, because Wray has not identified any "conflict" with the Standards. The parties' Agreement unmistakably delegates enforceability and unconscionability to the arbitrator. Agreement at 2; R&R at 14–15. It incorporates JAMS rules with regard to cost-splitting. Agreement at 3. And, it further provides that that to the extent any JAMS "rules and/or procedures conflict with any express term of th[e] Agreement, . . . th[e] Agreement is controlling." *Id.* at 2; R&R at 19. That the JAMS Minimum Standards might permit parties to bring an enforceability challenge in court in the event of a conflict with the Standards, and that the parties here refer to "JAMS rules" generally in a separate and unrelated provision of their

3

Agreement, does not suggest that the Agreement itself conflicts with the Standards or otherwise call into question the Agreement's plain delegation of enforceability to the arbitrator. Judge Cave's conclusion to this effect is neither clearly erroneous nor contrary to law. *See Travel Sentry*, 669 F. Supp. 2d at 283.

Wray next contends that Judge Cave erred in construing Wray's unconscionability arguments as going to the Agreement as a whole rather than the delegation clause specifically. Objs. at 8–9; R&R at 15–17. This argument lacks merit even under *de novo* review. Wray is correct that a court must address a party's challenge to a delegation provision even if the argument "applies 'equally' to the whole contract." *Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1194 (2024) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010)). But the party's argument must be "specific to the delegation provision" to be considered, and it will only be considered as applied to the delegation provision itself. *Rent-A-Center*, 561 U.S. at 74; *see also id.* at 72 (explaining that any challenge not made to the delegation provision "specifically" must be left "for the arbitrator"). For example, an argument that a general fee-sharing provision "render[s] the entire Agreement invalid," is not "an[] argument[] specific to the delegation provision" and will not be considered. *Id.* at 74 (emphasis omitted). But a court will consider whether an arbitration agreement's fee-sharing provision "*as applied* to the delegation provision render[s] *that provision* unconscionable." *See id.*

Judge Cave correctly determined which of Wray's arguments were directed specifically at the delegation clause and rejected them on the merits. R&R at 15–21. For example, Judge Cave addressed Wray's argument that the delegation provision is unconscionable because it is "buried" within the Agreement, correctly finding the claim to be without merit. R&R at 18. The R&R further assessed whether the Agreement's fee-splitting provision is unconscionable as applied to

4

the delegation of enforceability, finding insufficient evidence that it is. *See Rent-A-Center*, 561 U.S. at 74; R&R at 20 ("Without estimates for the amount of arbitrator time required and associated expense to Ms. Wray narrowed specifically to preliminary enforceability challenges to the arbitrator, the Court cannot conclude that Ms. Wray would be unable to afford these costs."). Wray's contention that the R&R "refus[ed] to consider [her] arguments targeted at the delegation clause" is simply incorrect.[2]  Objs. at 9.

Finally, Wray contends that Judge Cave erred by failing to request and permit the parties to submit further evidence on "the precise costs of arbitration for enforceability . . . to the extent that the R&R concluded more precise evidence was needed." *Id.* at 18.  Wray cites no authority in support of this argument, and the Court sees no indication in the R&R that "more precise evidence" of the "costs of arbitration" was necessary to assess Wray's claims. *Id.*  What the R&R correctly noted to be lacking is fulsome evidence of Wray's personal financial circumstances. *See* R&R at 20.  But, when "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).  Judge Cave did not err in concluding that Wray has not met her burden here.

---

[2] Even if the Court found that the R&R erred by refusing to consider Wray's arguments not directed specifically at the delegation clause, *see* Objs. at 10–11, the Court would reject Wray's unconscionability claim *de novo*.  Wray's contentions that the R&R imposed an erroneously heightened standard of substantive unconscionability and failed to correctly analyze Wray's financial circumstances, Objs. at 11–18, are belied by the record, which does not support that Wray's estimated expense of $3,000 to arbitrate the enforceability issue would pose a "prohibitively high" financial hardship on her.  Objs. at 15; *see id.* at 13; R&R at 20 (explaining that Wray's salary of $220,000 per year, combined with evidence of her apparently ready access to substantial savings, fails to establish that arbitration of the enforceability issue "would be prohibitively expensive or impair the vindication of [her] statutory rights" (quoting *Reyes v. Gracefully, Inc.*, No. 17 Civ. 9328, 2018 WL 2209486, at *8 (S.D.N.Y. May 11, 2018))); *see also Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) ("[I]t is well accepted under New York law that it is not unconscionable to be bound by an arbitration agreement in the course of securing employment.  Moreover, the fact that there is inequality in bargaining power between an employer and a potential employee is not a sufficient reason to hold that arbitration agreements are not enforceable in the employment context." (citations omitted)).

The Court has reviewed the remainder of the R&R and finds no clear error.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Wray's objections to the R&R, ADOPTS the R&R's conclusions, and GRANTS the Petition. Wray is compelled to arbitrate any claims covered by the Agreement. By **October 9, 2024**, the parties shall file a joint letter setting forth their positions on whether this matter should be stayed pending arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015).

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 3.

SO ORDERED.

Dated: September 25, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge